**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM B. WASHINGTON, | ) Case No. EDCV 15-0048-JVS (JPR) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| | ) |
| JOHN N. KATAVICH, Warden, | ) |
| | ) |
| Respondent. | ) |
| | ) |

On December 22, 2014, Petitioner constructively filed in the Southern District of California a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254; that district subsequently transferred the case here. The Petition is somewhat disorganized and thus it is difficult to tell exactly how many and what claims Petitioner raises, but it is clear that some of them have not been exhausted in state court.[1] Petitioner acknowledges that,

---

[1] Petitioner raised only one claim on direct appeal — that admission at trial of some of the statements he made while being booked violated Miranda, see People v. Washington, No. E056940, 2013 WL 3776485 (Cal. Ct. App. July 18, 2013) — and he acknowledges that he has not filed any state habeas petitions (Pet. at 10). Thus, any claim besides the Miranda one has not been exhausted.

1

asking for "a stay pending exhaustion in the state court, which would take less than (90) ninety days." (Pet. at 9.)

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.[2] Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518 (1982). A federal court may raise the failure-to-exhaust issue sua sponte and summarily dismiss on that ground. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987); Stone v. City & Cnty. of S.F., 968 F.2d 850, 856 (9th Cir. 1992) (dictum).

Petitioner's inclusion in the Petition of claims other than his exhausted Miranda claim (see, e.g., Pet. at 9 (appearing to raise sentencing claim of some kind)) renders the Petition "mixed," containing both exhausted and unexhausted claims. Such petitions must generally be dismissed. See Rose, 455 U.S. at 522.

In certain "limited circumstances," a district court may

---

[2] A habeas petition "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust an unexhausted claim or claims.  See Rhines v. Weber, 544 U.S. 269, 277 (2005).  The prerequisites for obtaining a stay while the petitioner exhausts his state remedies are as follows: (1) the petitioner must show good cause for his failure to earlier exhaust the claims in state court, (2) the unexhausted claims must not be "plainly meritless," and (3) the petitioner must not have engaged in "abusive litigation tactics or intentional delay."  Id. at 277-78.

Petitioner has not explained why he did not earlier raise the unexhausted claims, which appear to concern matters he must have known about at the time of trial or sentencing, in state court.  Thus, it is unclear from the face of the Petition whether Petitioner can meet the Rhines requirements.

IT THEREFORE IS ORDERED that within 28 days of the date of this Order, Petitioner do one of the following: (1) file a formal stay-and-abey motion if he believes he can make the required showings under Rhines; (2) voluntarily dismiss the Petition without prejudice under Federal Rule of Civil Procedure 41(a)(1) so that he may return to state court, with the understanding that any later petition may be time barred under § 2244(d)(1); (3) voluntarily dismiss all claims in the Petition except the one concerning Miranda and elect either to proceed on that claim alone or seek a stay of the fully exhausted Petition under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (as amended) (allowing for stays of fully exhausted federal petitions without showing of good cause), overruling on other grounds recognized by Robbins v.

1  Carey, 481 F.3d 1143, 1149 (9th Cir. 2007), with the
2  understanding that he will be allowed to amend any subsequently
3  exhausted claims back into the Petition only if the claims are
4  timely or "relate back" to the original claims; or (4) show cause
5  in writing why the Court should not recommend that this action be
6  dismissed without prejudice for failure to exhaust state
7  remedies.
8      Petitioner is expressly warned that his failure to timely
9  comply with this Order may result in the Petition being dismissed
10 for the reasons stated above and for failure to prosecute.
11 Further, Petitioner is advised that the Court takes no view on
12 whether the Petition was timely filed.

14 DATED: January 26, 2015             /s/ Jean Rosenbluth
                                       JEAN ROSENBLUTH
15                                     U.S. MAGISTRATE JUDGE