**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM B. WASHINGTON,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN N. KATAVICH, Warden,<br><br>    Respondent. | Case No. EDCV 15-0048-JVS (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Under 28 U.S.C. § 636, the Court has reviewed de novo the Petition, the records on file, and the May 17, 2016 Report and Recommendation of U.S. Magistrate Judge. The R&R recommends that Petitioner's motion for a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (as amended), overruling on other grounds recognized by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007), be denied because he did not move to dismiss his unexhausted claims.[1] (See R&R at 7.) It further recommends that the Petition be dismissed as mixed unless within the time for filing objections Petitioner showed that it was fully exhausted or dismissed his unexhausted claims. (Id. at 1, 7.) On May 19,

---

[1] Petitioner had repeatedly been advised that a Kelly stay required him to first move to dismiss his unexhausted claims. See, e.g., infra p.6.

2016, Petitioner lodged a proposed first amended petition ("Proposed FAP"), and on June 9, he filed Objections to the R&R, arguing that his state-court remedies were exhausted by virtue of his November 2015 state supreme-court habeas petition, which he attached as an exhibit.

Petitioner has failed to show that his original Petition is fully exhausted. Rather, the Petition raises several claims that were never presented to the state supreme court, including that (1) the trial court erred by including gang and gun enhancements when sentencing Petitioner on an attempted-murder conviction because "[t]he court cannot sentence Petitioner to both enhancement[]s" (Pet. at 9); (2) the trial court committed Doyle[2] error because Petitioner "had a right to remain silent" (id. at 13); (3) the trial court "violated clearly established state and federal law" by not "charging the jury with the lesser included jury instruction" (id.); (4) the trial court erred by "not considering the med[ium] term sentencing factors" (id.); (5) Petitioner's "statements to the booking police" should have been "suppressed because of the unnecessary or unreasonable delay under Federal Rule of Criminal Procedure 5(a)"[3] (id.); and (6) trial counsel was constitutionally ineffective for failing to "cross-examine the arresting officers as to why they did not take

---

[2] Doyle v. Ohio, 426 U.S. 610, 618-19 (1976), held that the defense cannot be impeached with a defendant's postarrest silence following Miranda warnings.

[3] Federal Rule of Criminal Procedure 5(a) provides, in relevant part, that "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer."

1  [him] to the Magistrate Judge when they finished with booking
2  instead of questioning him without a lawyer" (id. at 14-15).
3  None of those claims were raised on direct appeal or in the
4  November 2015 state habeas petition.  See People v. Washington,
5  No. E056940, 2013 WL 3776485, at *1 (Cal. Ct. App. July 18, 2013)
6  (stating that only issue raised on appeal was that Petitioner's
7  statements at booking were not admissible under routine-booking-
8  question exception to Miranda v. Arizona, 384 U.S. 436 (1966));
9  (Objections, Ex. A at 7-46 (Nov. 2015 habeas petition)).  As
10 such, they are unexhausted and the original Petition remains
11 mixed.
12     Petitioner's Proposed FAP also contains unexhausted claims.
13 Most of the Proposed FAP is an exact copy of Petitioner's
14 November 2015 state supreme-court habeas petition.  (Compare
15 Proposed FAP at 7-46 with Objections, Ex. A at 7-46.)  As noted
16 in the R&R (R&R at 5), on April 13, 2016, the state supreme court
17 denied Petitioner's November 2015 petition with citations to
18 People v. Duvall, 9 Cal. 4th 464, 474 (1995), and In re Swain, 34
19 Cal. 2d 300, 304 (1949).  See Appellate Cts. Case Info., http://
20 appellatecases.courtinfo.ca.gov (search for Cal. Supreme Ct. case
21 no. S230887).
22     As discussed in the R&R (R&R at 6), the state supreme
23 court's denial of Petitioner's petition with citations to Duvall,
24 9 Cal. 4th at 474, and Swain, 34 Cal. 2d at 304, signified that
25 he had failed to allege his claims with sufficient particularity.
26 See King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003) (per curiam),
27 abrogation on other grounds recognized by Waldrip v. Hall, 548
28 F.3d 729 (9th Cir. 2008); Kim v. Villalobos, 799 F.2d 1317, 1318-

19 (9th Cir. 1986). Because a failure to allege claims with sufficient particularity "can be cured in a renewed petition," the state court's denial of a habeas petition on that ground indicates that a petitioner's claims have not been exhausted. See Kim, 799 F.2d at 1319; see also King, 340 F.3d at 823 (noting that Swain and Duvall "allow amendment to comply"). In such cases, a federal habeas court must independently examine a petitioner's state petition and determine whether he met the federal exhaustion standard of "fair presentation" to the state's highest court. See Kim, 799 F.2d at 1319-20; see also Barrera v. Attorney Gen. of Cal., 473 F. App'x 748, 749 (9th Cir. 2012).

If the petitioner "fairly presented" the relevant claims to the state court, the state court's denial is considered a holding on the merits of the claims and they have been exhausted. Kim, 799 F.2d at 1320. "[F]air presentation" requires that the claims be pleaded with "as much particularity as practicable." Id.

Several of the claims in the November 2015 petition (and therefore the Proposed FAP) are vague and unsupported by any facts; as such, they were not pleaded with "as much particularity as practicable." For example, Petitioner asserted that his trial counsel was constitutionally ineffective for failing to file "a discovery motion and a Pitchess motion of background check of misconduct of police"[4] (Objections, Ex. A at 30, 46), but he nowhere explained why such information would have been helpful,

---

[4] Pitchess v. Super. Ct., 11 Cal. 3d 531 (1974) (allowing discovery of internal police files in certain circumstances), superseded by statute, Cal. Penal Code §§ 832.7, 832.8, Cal. Evid. Code §§ 1043-45, as recognized in People v. Mooc, 26 Cal. 4th 1216, 1219-20 (2002).

how it would have affected his defense, or even which police officers' records should have been sought and on what basis. Petitioner also argued that trial counsel was constitutionally ineffective for failing to ask for "a copy of the warrant to listen to Petitioner's [phone] calls" made from jail (id. at 14) or call an "expert witness of the alleged gang allegation" (id. at 30), but he nowhere explained what the warrant would have shown, what an expert witness would have testified to, or how counsel's alleged failure to take those actions prejudiced his defense. Petitioner asserted that the prosecutor "committed a Brady[5] violation [by] withholding the information and not turning over declaration of his expert witness prior to trial" (id. at 30), but he did not describe the undisclosed "information" or explain what the expert stated in his declaration or how it was exculpatory. Petitioner also alleges that his sentence was "illegal" because "[t]he trial court did not impose a[n] eighty-five per cent sentence" and the California Department of Corrections and Rehabilitation "imposed this sentence without court authorization" (id. at 7), but he fails to allege any facts in support of this claim or cite a federal basis for it. Because those claims were not "fairly presented" to the California Supreme Court, they are unexhausted. See Shine v. Soto, No. 1:14-CV-00021-JLT, 2016 WL 541434, at *17 (E.D. Cal. Feb. 11, 2016) (finding ineffective-assistance-of-counsel claim

---

[5] Brady v. Maryland, 373 U.S. 83, 87 (1963), held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

unexhausted based on "absence of detail"); <u>Willis v. Paramo</u>, No. CV 14-8942-KK, 2105 WL 1383513 (C.D. Cal. Mar. 25, 2015) (finding claims not fairly presented when petition provided only "vague descriptions" of them). Accordingly, the Proposed FAP, which includes those unexhausted claims as well as some that might have been fairly presented (<u>see generally</u> Proposed FAP at 7-46), is also a "mixed" petition.

Since Petitioner constructively filed his original Petition, in December 2014, he has been given several opportunities to dismiss his unexhausted claims but has not done so. (<u>See</u> Jan. 26, 2015 Order Show Cause at 3-4 (finding that Petition was mixed and informing Petitioner that he could voluntarily dismiss unexhausted claims); Aug. 10, 2016 R&R at 9 (recommending that Petitioner's request for stay under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), be denied and noting that if R&R was accepted, Petitioner "may elect to voluntarily dismiss all claims in the Petition except" his exhausted one); May 17, 2016 R&R at 1 (recommending that Petition be dismissed unless Petitioner showed it was exhausted or "move[d] to dismiss his unexhausted claims").) Because both the original Petition and the Proposed FAP are mixed, and because Petitioner has elected not to dismiss his unexhausted claims, this action must be dismissed. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982).

Thus, having reviewed de novo those portions of the R&R to which objections were filed, the Court accepts the findings and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that the Petition is denied and Judgment be entered dismissing this action.

DATED: <u>July 7, 2016</u>     _____
JAMES V. SELNA
U.S. DISTRICT JUDGE